**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1313
_____

NANCY EDGERTON,
                                Appellant
v.

WILKES-BARRE HOME CARE SERVICES, LLC
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-12-cv-00191)
District Judge:  Honorable Matthew W. Brann

_____

Submitted under Third Circuit LAR 34.1(a)
December 11, 2014

Before:  FUENTES, FISHER, and KRAUSE, *Circuit Judges*

(Filed: January 30, 2015)

_____

OPINION[*]

_____

KRAUSE, *Circuit Judge.*

    Nancy Edgerton appeals the grant of summary judgment to Wilkes-Barre Home

Care Services, LLC ("WHCS") in her employment discrimination claim brought under

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA").[1] We affirm, finding that the record amply supports the District Court's grant of summary judgment.[2]

In 2009, Edgerton was appointed interim director of the Visiting Nurses Association ("VNA"), a home health and hospice agency controlled by WHCS. Soon after Edgerton's appointment, however, VNA began missing targets for admissions by significant margins. By early 2010, with company morale allegedly low and admissions continuing to lag, Edgerton was terminated. She was fifty-five years old at the time and alleges that her termination was because of her age.

Because Edgerton has no direct evidence of discrimination, her case is governed by the familiar burden-shifting framework first elaborated in *McDonnell-Douglas Corp. v. Green*.[3] Thus, she must establish a prima facie case of discrimination by demonstrating that she was over forty years old, that she was qualified for her position, that she suffered from an adverse employment action, and that the adverse action was in

---

[1] 29 U.S.C. §§ 621-634; 43 Pa. C.S. §§ 951-963.

[2] We have jurisdiction to hear the appeal under 28 U.S.C § 1291. We exercise plenary review over a district court's grant of summary judgment. *SEC v. Hughes Capital Corp.*, 124 F.3d 449, 452 (3d Cir. 1997). Because we write for the parties, we recite only those facts necessary to our conclusion.

[3] 411 U.S. 792 (1973). Moreover, the relevant provisions of the ADEA and PHRA apply identically and are "governed by the same set of decisional law." *Fasold v. Justice*, 409 F.3d 178, 184 n.8 (3d Cir. 2005).

circumstances that reasonably infer age discrimination, usually established through an employer's hiring of a sufficiently younger replacement.[4]

The District Court ruled that Edgerton failed to meet the final prong of the prima facie case because WHCS offered her position to Louise Baran, only four years younger than Edgerton. After initially accepting the position, however, Baran backed out and did not actually take the job. Edgerton argues that the alleged attempt to hire Baran was a ruse to mask discrimination and that we should thus consider only who actually filled the position, not who was offered it. That person, June Hannon, is approximately twelve years younger than Edgerton, a gap sufficient in size to infer discrimination.[5]

Like the District Court, we do not find sufficient evidence to support Edgerton's assertion that this aborted hiring, which included sending employment forms and giving a start date, was an elaborate act of deception to mask discrimination against Edgerton. However, we need not decide whether this precludes Edgerton from establishing a prima facie case, because even if she did so, her claim would still fail at the pretext stage.[6]

---

[4] *See, e.g.*, *Potence v. Hazleton Area Sch. Dist*., 357 F.3d 366, 370 (3d Cir. 2004); *Torre v. Casio, Inc.*, 42 F.3d 825, 830-31 (3d Cir. 1994).

[5] *See, e.g.*, *Barber v. CSX Distribution Servs.*, 68 F.3d 694, 699 (3d Cir. 1995) (holding eight-year difference is sufficient to establish fourth prong of the test).

[6] We may affirm the grant of summary judgment "for any reason supported by the record." *Brightwell v. Lehman*, 637 F.3d 187, 191 (3d Cir. 2011) (citing *United States v. Agnew*, 407 F.3d 193, 196 (3d Cir. 2005)).

3

If an employment discrimination plaintiff makes out a prima facie case, "the burden of production shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection."[7] WHCS provided such reasons: Edgerton's poor performance and lack of leadership. To support its allegation that she performed poorly, WHCS presented a significant amount of evidence, including that under Edgerton, VNA routinely missed its monthly admissions targets by significant margins; that in response to her superiors' request for an updated sales plan to get VNA on track, Edgerton essentially submitted nothing; and that an investigation by WHCS revealed that Edgerton did not familiarize herself with the very people—such as a nearby hospital's Director of Case Management—who were key to increasing VNA's admissions. Moreover, WHCS offered evidence that Edgerton was a poor manager who, among other things, told VNA employees that they might be laid off, ruining morale.

Thus, with WHCS having met its burden to produce a non-discriminatory reason for her termination, Edgerton's claim fails unless she "submit[s] evidence which (1) casts doubt upon the legitimate reason proffered by the employer such that a fact-finder could reasonably conclude that the reason was a fabrication; or (2) would allow the fact-finder to infer that discrimination was more likely than not a motivating or determinative cause

---

[7] *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994) (internal quotation marks omitted).

4

of the employee's termination."[8]  Edgerton failed, however, to provide "sufficient

evidence to allow a finder of fact to discredit the employer's proffered justification,"

particularly in light of the overwhelming evidence submitted by WHCS.[9]  For example,

she alleged that her ultimate replacement, Hannon, was treated more favorably because

Hannon was given the benefit of WHCS's progressive discipline policy, while Edgerton

was not.  However, the record reveals that Hannon's "problem" —the speed at which

VNA was completing its billing—was significantly less serious than Edgerton's, making

the comparison unpersuasive.

In sum, given the overwhelming evidence presented by WHCS that Edgerton was

terminated for poor performance and a lack of leadership, Edgerton could not create a

triable issue that her firing was pretextual, and her ADEA and PHRA claims necessarily

fail.  Accordingly, we affirm the decision of the District Court.

---

[8] *Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 370 (3d Cir. 2008) (citation omitted); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000) (holding that "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated").

[9] *Burton v. Teleflex Inc.*, 707 F.3d 417, 427 (3d Cir. 2013).

5